GC



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable D. C. Greer
State Highway Engineer
Austin, Texas

Dear Sir:

                                Opinion No. O-3361
                                Re: Legality of acceptance of
                                      informal bids for completion
                                      of work under defaulted con-
                                      tract.

       We acknowledge receipt of your letter of March 31, 1941, in which you request the opinion of this department upon the following fact situation:

       "On October 21, 1940, the Highway Department entered into a contract with Sam Leal, Jr., for the construction of 10.723 miles of flexible base and triple asphalt surface treatment on Highway U. S. 21 in Lee County. The amount of the contract was $76,322.85 and performance bond in that amount was furnished by the American Bonding Company of Baltimore, Maryland.

       "On Friday, March 28, Sam Leal, Jr., the contractor, after having completed approximately 25 per cent of the work covered by the contract, advised our Resident Engineer by wire that he was defaulting his contract because he was financially unable to prosecute the work further. A copy of his wire was directed to the Bonding Company. On Saturday, March 29, a representative of the Bonding Company, during a conference with officials of the Highway Department, stated that the Bonding Company did not care to enter into contract for the completion of the project and requested the Highway Department to assume the completion in any manner it saw fit, as is provided by the contract specifications. During the conference, the Bonding Company representative requested that he be per-

mitted to secure informal bids from a number
of contractors theretofore approved by the High-
way Department for the completion of the pro-
ject, with the understanding that the Highway
Department would enter into agreement with the
lowest bidder for the completion of the project
as originally planned. Under this plan, the
contractor, whose bid may be selected for the
completion of the project, would furnish bond
in the amount of his bid.

". . ."

Provision for the submission to competitive bids
of all contracts proposed to be made by the State Highway
Department is made in Article 6674h, Vernon's Revised Civil
Statutes of Texas. Article 6674j, reads as follows:

"The successful bidder or bidders shall
enter into written contracts with said depart-
ment, and shall give bond in such amount as is
now provided by law, conditioned for the faith-
ful compliance with his bid and performance of
the contract and payable to the State Highway
Department for the use and benefit of the State
Highway Fund."

Item 8.7 of the contract specifications provides
that in the event of abandonment of work or default of the
contract by the contractor that the State Highway Department
may take over the prosecution of work, appropriate or use any
or all material and equipment on the ground as may be suita-
ble, and enter into an agreement for the completion of the
contract according to the terms and provisions thereof or
use such other methods as in the opinion of the Engineer may
be required for the completion of the contract in acceptable
manner.

Analysis of the instant situation reveals that the
contract was originally let and entered into under the au-
thority of and in compliance with the applicable statutory pro
visions, bond in the amount of the contract being furnished
by the American Bonding Company. Although the contractor
has defaulted the State is fully protected by the bond and

Honorable D. C. Greer, Page 3

there is no occasion for the submission of competitive bids as required under Article 6674h, supra, before arrangements are entered into for the completion of the project. The Highway Department is authorized by Item 8.7 of the contract specifications to assume completion of the contract in whatever manner is acceptable under the existing circumstances. No contrary provision appears in the statutes and no method of procedure is there suggested. Article 6674h having already been complied with and the safeguards provided in that and the succeeding articles having already been brought into existence there would appear to be no necessity for the resubmission of competitive bids.

It is, therefore, the opinion of this department that the Highway Department may legally accept informal bids taken from qualified and approved contractors by the bonding company without advertising for such bids as provided by Article 6674h and enter into agreement with the low bidder for the completion of the Leal contract. We note that this procedure was requested and instigated by the bonding company, and we suggest that the request be reduced to writing, and that all subsequent transactions be reflected by written instruments. The application of this opinion, of course, is limited to the specific fact situation presented in your letter.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By
Ross Carlton
Assistant

, RC:LM

APPROVED APR 9, 1941

ATTORNEY GENERAL OF TEXAS


APPROV.
OPINIO.
COMMITT
BY
CHAIRMAN